IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK  BUSH                              *
          Plaintiff,
      v.                              *   CIVIL ACTION NO. DKC-06-2917

RALPH L. WARREN, ESQUIRE        *
          Defendant.
                              ***

**<u>MEMORANDUM</u>**

On November 6, 2006, Maryland Division of Correction inmate Patrick Bush filed a complaint against his private attorney for legal "malpractice."  According to the statement of facts, Defendant was employed to represent Plaintiff in two criminal matters.   Plaintiff claims that Defendant failed to provide him with constitutionally effective assistance.[1]   He seeks cumulative damages in the amount of $1,000,000.00.

Plaintiff's action has been construed as a 28 U.S.C. § 1332 tort action.  However, the Complaint does not satisfy diversity of citizenship requirements and shall be dismissed.

When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meets the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side

---

[1]    Plaintiff alleges that Defendant failed to: (1) conduct an appropriate investigation into the victim's injuries; (2) subpoena the victim's employment records; (3) subpoena witnesses; (4) obtain an investigator; (5) investigate the victim's hospital records; (6) consult with medical experts; (7) present and develop a defense of actual innocence; and (8) discover prosecutorial misconduct regarding false evidence and perjured testimony.

of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

The Complaint does not adequately allege diversity of citizenship.[2]  Plaintiff does not make clear in his pleadings on what facts his diversity claim is based.  He alleges only that he is confined in a state prison in Maryland.  The court observes that both Plaintiff and Defendant are domiciled in Maryland.  Thus, Plaintiff's claim, sounding in tort, does not meet federal diversity requirements.[3]

---

[2]     For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914).  A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by the party's place of residence and his intent to remain in that place indefinitely.  *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his pre-incarceration domicile. *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37[8][a] (3d ed.1999) (collecting cases). In some jurisdictions, the rule that prisoners retain their former domicile has taken the form of an irrebuttable presumption. *See* id. ¶ 102.37 [8][b].  In the Second, Sixth, Seventh, and Eighth Circuits, the  presumption is rebuttable; thus, although a prisoner is presumed to retain his former domicile, he can attempt to demonstrate that he has established a new domicile in his state of incarceration. *See Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991); *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir.1977);  *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir.1973).

[3]     Alternatively, Plaintiff's allegations against Mr. Warren for "constitutionally [in]effective assistance" do not support jurisdiction under 28 U.S.C. § 1343.  A civil rights claim premised under the Sixth Amendment does not confer federal question jurisdiction over this action, because the claim cannot rest upon 42 U.S.C. § 1983. Section 1983 permits any person to recover damages or other relief from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983.  Defendant, a private attorney, cannot be regarded as a state actor for purposes of § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976).  Because Plaintiff has no cognizable Sixth Amendment claim against his private attorney, that claim cannot serve as the basis for federal jurisdiction over this case.

For the reasons set out herein, the Complaint shall be dismissed without requiring the service of process on Defendant.  A separate Order effecting the ruling in this Memorandum shall be entered herewith.[4]


Date:    11/20/06                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

[4]        Plaintiff has submitted neither the $350.00 civil filing fee nor an indigency application. With the summary dismissal of this action, he shall not be required to cure this deficiency.